UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH POWELL** | : | **DOCKET NO. 16-cv-1654** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **MONIQUE MATTHEW, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Substitute and Motion to Dismiss [doc. 5] filed by the United States government ("government") in response to the complaint filed by plaintiff Joseph Powell ("Powell," "plaintiff") against the United States Postal Service, Monique Matthew ("Matthew"), and ABC Insurance Company. The government contends that it should be substituted in place of Matthew as a party defendant and that, after this substitution occurs, this matter should be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 5. Powell opposes the motions. Doc. 10.

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636. For reasons provided below, **IT IS RECOMMENDED** that the Motion to Substitute [doc. 5] be **GRANTED** so that the United States is substituted as sole defendant in this action and that the other defendants named herein be dismissed from the suit, and that the Motion to Dismiss [doc. 5] be **DENIED**.

# I.
### BACKGROUND

This case arises from an automobile accident that occurred on December 2, 2014, in Lake Charles, Louisiana, when Matthew, in the course and scope of her employment with the United States Postal Service ("USPS"),[1] allegedly backed a USPS truck out of a driveway and struck the vehicle driven by plaintiff. Doc. 1, pp. 1–2. Powell claims that he suffered injuries as a result of this collision. *Id.* at 3–4. He filed suit against USPS, Matthew, and an insurer in this court on November 30, 2016, stating that he had previously filed an administrative claim with USPS. *Id.* at 1–5.

The government now files the instant motions, alleging 1) that Matthew is not a proper party under the Federal Tort Claims Act ("FTCA") and the government should be substituted as defendant in this matter, and 2) that the claim should then be dismissed for lack of subject matter jurisdiction due to Powell's failure to show that he has met the FTCA's presentment requirement. Doc. 5, att. 1. Powell opposes the motion to dismiss. Doc. 10.

# II.
### LAW & ANALYSIS

*A. Motion to Substitute*

Powell concedes that the motion to substitute should be granted under the FTCA. Doc. 10, p. 6. However, he agrees only that the USPS should be substituted as the party defendant. *Id.* The FTCA provides, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

---

[1] The government, through the United States Attorney for this district, acknowledges that Matthew was employed by USPS and acting in the course and scope of that employment at the time of the accident. Doc. 5, att. 4.

28 U.S.C. § 2679(d)(1). It is well settled that the United States, "and not the responsible **agency or employee**," is the proper defendant in an FTCA suit. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). It is also well settled that an FTCA claim brought against the federal employee or agency rather than the United States itself must be dismissed for lack of jurisdiction, as "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Id.* Accordingly, the Motion to Substitute should be granted and the United States made the sole party defendant in this suit.

### B. Motion to Dismiss

The government next alleges that the suit should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The district court may dismiss an action under this rule "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of undisputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The burden of proof on a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However, the motion should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [him] to relief." *Id.*

Under the FTCA, an action cannot be initiated unless the claimant has first presented the claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). The purpose of this requirement is "to ease court congestion

and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Life Partners, Inc.*, 650 F.3d at 1030. "A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992); *see* 28 C.F.R. § 14.2(a). "[B]ecause presentment is a condition upon which the government consents to be sued under the FTCA's waiver of sovereign immunity, it must be strictly construed in favor of the United States." *Barber v. United States*, 642 Fed. App'x 411, 413 (5th Cir. 2016) (internal quotations and alterations omitted).

As stated *supra*, Powell indicated in his complaint that he filed an administrative claim with the United States Postal Service prior to instituting this suit. Doc. 1, p. 5. He contends that he met the presentment requirement through this claim, which he presented in a Standard Form 95 ("SF 95") completed on November 24, 2015, and through filing a complaint against USPS and Matthew in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on November 25, 2015.[2] *See* doc. 5, atts. 2 and 5. The government maintains that neither of these submissions meets Powell's burden under the FTCA.

As proof of his satisfaction of the presentment requirement, plaintiff's counsel provided the government with a copy of correspondence dated November 24, 2015, and marked as having been sent by certified mail, return receipt requested, to the Postmaster of the Lake Charles USPS branch office. Doc. 5, att. 2. That correspondence included the above-referenced SF 95, signed by Powell and describing the accident, with a demand for $250,000 in satisfaction of his claims of personal injury and property damage. *Id.* at 2–3. The tracking information on that correspondence

---

[2] Powell has provided no proof of service for his state court complaint. He maintains that USPS refused service. *See* doc. 10, p. 2. There is no indication of that suit's disposition.

show that it was deposited in the mail on or about November 24, 2015, and last recorded as being in transit to its destination on November 27, 2015, after stops at facilities in Baton Rouge and Lafayette. Doc. 5, att. 6. However, there is no confirmation of the correspondence's arrival at its ultimate address. The government contends that no certified mail return receipt has been obtained to confirm delivery, and offers the declaration of a USPS representative with the agency's National Tort Center, stating that employees have searched all of their databases and been unable to confirm receipt of Powell's administrative claim. Doc. 5, att. 1, p. 6; doc. 5, att. 3, pp. 1–2. While the government "concedes that any inconvenience caused by the failure to deliver certified mail is unfortunate," it maintains that Powell cannot meet his burden under the presentment requirement without showing that the claim was received at its intended destination. Doc. 5, att. 1, p. 6.

As the government notes, the Fifth Circuit recently determined (in an unpublished opinion) that a plaintiff who had only provided proof of mailing his SF 95 had not met his burden under the presentment requirement and that the district court had correctly dismissed the matter for lack of subject matter jurisdiction.[3] *Barber*, 642 Fed. App'x at 413–15. The court noted its prior opinion in *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. Mar. 11, 1993) (per curiam) (unpublished), in which "plaintiff had provided 'some evidence that the claim had been mailed' to the appropriate federal agency." *Barber*, 642 Fed. App'x at 414 (quoting *Bailes*, 1993 WL 82030 at *1)). However, the court had concluded then that "[e]vidence of mailing . . . does not show presentment" and that "a claim is not presented until received." *Id.* (alterations omitted). It also emphasized in *Bailes*, and affirmed in *Barber*, the importance of evidence from the government in

---

[3] The Fifth Circuit also noted in that opinion that the Eleventh Circuit holds that properly mailing an SF 95 creates a presumption of receipt. *Barber*, 642 Fed. App'x at 414 (citing *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232 (11th Cir. 2002)). This circuit declined to follow that approach, however, and cited cases from the Ninth and Third Circuits rejecting *Barnett*'s rule. *Id.* at 414 n. 2. It also remarked that even if *Barnett*'s presumption of receipt applied, the government would have rebutted that presumption through its evidence, *supra*, from agency employees describing the agency's procedures for tracking incoming mail and attesting that they could find no indication that the agency had received the plaintiff's claim. *Id.* at 414.

both cases that agency employees had searched for and could find no record of the plaintiff's administrative claim. *Id.* at 414–15.

Here Powell relies on proof that the SF 95 was sent via certified mail to the agency that is the subject of this claim – the United States Postal Service. Unlike *Barber* and *Bailes*, which involved claims against the Department of Veterans Affairs and the Bureau of Prisons, respectively, Powell's proof of submission shows that the agency that is the subject of his complaint took custody of the correspondence containing his administrative claim. That the certified mail was not properly delivered by and within that agency is indeed inconvenient, as the government acknowledges, as it apparently prevented the appropriate office or individual from opening the claim and initiating an investigation. However, the government provides no justification for holding Powell accountable for USPS's inability to deliver the claim to itself. Accordingly, Powell has satisfied his burden under the presentment requirement and there is no call for dismissing this action.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Substitute [doc. 5] be **GRANTED**, so that the United States is substituted as sole defendant in this action and that the other defendants named herein be dismissed from the suit, and that the Motion to Dismiss [doc. 5] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

-7-

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE